Filed 8/7/26  Al-Bayati v. Los Angeles Unified School District CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ISSA AL-BAYATI, a Minor, etc., | B342875 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV08232) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

Law Offices of Sharif & Wilkerson and Roger L. Wilkerson III for Plaintiff and Appellant.

BDG Law Group, Michele M. Goldsmith and Sarah E. Hernandez for Defendant and Respondent.

_____

# MEMORANDUM OPINION

Plaintiff Issa Al-Bayati, by and through his guardian ad litem Maha Al Sadoon, appeals a judgment entered against him and in favor of defendant Los Angeles Unified School District. We find this matter appropriate for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

The operative complaint alleges Al-Bayati was a student attending Sal Castro Middle School within the Los Angeles Unified School District (LAUSD) when he was shot by a fellow classmate in the classroom. Al-Bayati sued LAUSD, alleging that LAUSD negligently supervised the classroom by failing to discover that a classmate had a loaded weapon in the classroom and failing to protect him from the ultimate shooting. (These facts are taken from our prior appellate opinion in *I.A. v. Los Angeles Unified School District* (May 10, 2023, B313331) [nonpub. opn.], of which we take judicial notice at LAUSD's request, filed March 11, 2026. (Evid. Code §§ 452, subd. (d), 453.) The matter went to trial and the jury decided in favor of LAUSD, finding it 0 percent responsible and the minor classmate 100 percent responsible for Al-Bayati's injuries. The trial court entered judgment on December 12, 2024. (The judgment itself is not part of the record before us.) Al-Bayati timely appealed. He argues the trial court committed error when it:

- Granted LAUSD's motion to bifurcate the trial, thus excluding or severely limiting his ability to discuss his experience and injuries on the day of the shooting;

2

- Excluded and limited all testimony from plaintiff about the bullying he suffered leading up to the shooting and LAUSD's failure to act reasonably in preventing, remedying or supervising a well-known violent student;
- Excluded and limited testimony from him about his experience as a student and injuries he suffered on the day of the incident and LAUSD's negligence or failure to act reasonably in preventing or remedying the injuries before and immediately after the shooting;
- Excluded or limited testimony from him regarding injuries he suffered immediately after the shooting which included falling down stairs as he crawled to the principal's office for help and LAUSD's negligence and failure to act reasonably in preventing or remedying said injuries;
- Allowed LAUSD to introduce sub-rosa evidence about his injuries, or mitigation of injuries in 2024, as a defense to LAUSD's asserted negligence as it pertained to the shooting which occurred in 2017;
- Excluded or limited his testimony about his injuries, the effects of those injuries leading him to attempt suicide in 2023, and the medical instructions to rehabilitate said injuries;
- Instructed the jury that a portion of fault for a duty to supervise could be attributed to a minor;
- Included a jury verdict form that allowed a portion of fault for a duty to supervise, traditionally reserved for institutions such as schools, to be attributed to a minor;
- Excluded previous testimony in the form of a deposition transcript from an unavailable minor witness;

- Granted LAUSD's motion to compel a second deposition of his expert and to impose sanctions against him.

In his Opening Brief (AOB), plaintiff cites to the record as follows:

- AOB 10:  Exhibit 1; Exhibit 2.
- AOB 11:  Reporter's Transcript Volumes 2–8; Exhibit 3; Exhibit 4.
- AOB 12:  Exhibit 5.
- AOB 15:  Exhibit 5.
- AOB 16:  Exhibit 5; Wilkerson Declaration paragraph 12; Exhibit 4.
- AOB 17:  Exhibits 4-5; Wilkerson Declaration paragraphs 10–14, 15; Reporter's Transcript Volumes 1–8.
- AOB 18:  Exhibit 4; Exhibits 1–2.
- AOB 19:  Reporter's Transcript Volume 1 of 8.
- AOB 20:  Reporter's Transcript Volume 2 of 8; Reporter Transcript Volumes 2–3.
- AOB 21:  Reporter's Transcript Volume 4 of 8; Reporter Transcript Volume 4, pages 948–998; 4RT 1025–1044; Exhibit 2.
- AOB 23:  Reporter's Transcript Volume 4, pages 1042–1044; Exhibit 6; Reporter's Transcript Volume 4, page 1026; Reporter's Transcript Volumes 4–5.
- AOB 24:  Exhibit 10; Reporter's Transcript Volumes 5–7; Reporter's Transcript Volume 7.
- AOB 25: Exhibit 7; Reporter's Transcript Volume 7; Reporter's Transcript Volume 8; Exhibit 8; Exhibit 9.
- AOB 26:  Wilkerson Declaration paragraphs 3–20; Exhibit 4.
- AOB 30:  Trial Transcript Volumes 2–8.

- AOB 31: Trial Transcript Volumes 2–8.
- AOB 35: Exhibit 2; Reporter's Transcript Volume 4, pages 1025–1044.
- AOB 36: Reporter's Transcript Volume 4 pages 1025–1044.
- AOB 39: Exhibits 1–2.

It is appellant's burden to "demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; Cal. Rules of Court, rules 8.120, 8.122(a)(3) & 8.224.) Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *People v. Torres* (1979) 96 Cal.App.3d 14, 22.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.)

"[O]n appeal it is manifestly 'the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations. [Citation.] Plaintiff's single citation to a reporter's transcript with block page references, for example, 'RT Vol 6, 2480–2501,' frustrates

5

this court's ability to evaluate which facts a party believes support his position, particularly when a large portion of that citation referred to points that appeared to be irrelevant." (*Navazri v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1.) Citations to the record must cite to the volume and page number of the record where the matter appears.  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  "Citing to a tab in the appendix that includes an entire document, which may include 40 pages or more, is insufficient."  (*In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 366, fn. 4.)  "As practical matter, the appellate court is unable to adequately evaluate which facts the parties believe support their position when nothing more than a block page reference is offered in the briefs – e.g. 'C.T. pp. 1-20', which upon examination turns out to be 20 nonsequential pages of deposition testimony."  (*Bernard v. Harford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.)

Here plaintiff supports his arguments with block citations to the record, referring, for example, to "Vol. 1–8" of the reporter's transcript on appeal.  He references numerous "exhibits," which may or may not have been admitted into evidence and are not part of the Clerk's Transcript on appeal.  The rare instance of a citation to a particular volume and page number does not cure the overall insufficiency of the record citations.  As a result of appellant's deficient citations to the record, he has forfeited his issues on appeal.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

SCHERB, J.

7